HEMAN BARLOW and JOHN REED, Overseers, etc., Appellants, *v.* LEVI J. PEASE, Respondent.

*Section 30, chapter 820, of 1873 — excise law — suit by private person when proper officer refuses to bring an action — motion by officer to dismiss complaint — what proof of his refusal to bring action required.*

Appeal from an order of the County Court of Monroe county, setting aside the summons and complaint in this action.

The action was brought under section 30, chapter 820, of 1873, authorizing a prosecution by a private person for the recovery of a penalty for a violation of the provisions of the excise law, when a complaint that a penalty has been incurred, accompanied with reasonable proof of the same, has been made to the parties or persons whose duty it is to prosecute for such penalty, and they shall have neglected or refused to prosecute for the same for ten days thereafter. The persons named as plaintiffs in this suit were overseers of the poor of the town of Sweden until the second day of March last, when their term of office expired, and it was their duty to prosecute for penalties incurred for violations of the statute referred to. This action was instituted by one Ellsworth, upon an allegation contained in the complaint therein, made upon information and belief only, " that on or about the 20th day of February, 1875, and ten days prior to the commencement of this action, a complaint was duly made to said plaintiffs, that the defendant had incurred a penalty of fifty dollars, by violation of the excise law of 1857, as hereinafter set forth, accompanied by reasonable proof of the same ; and that said overseers have neglected and refused to prosecute for such penalty." The overseers moved, upon the summons and complaint in the action, and upon their own affidavit, together with the affidavits of several

other persons, to dismiss the summons and complaint upon the grounds, among others, that they had not neglected or refused to prosecute the defendant for the penalty, alleged in the complaint to have been incurred by him; that ten days had not expired after proof made of the same; and that reasonable proof of the same was not made as required by the statute. The affidavit made by the overseers stated that, in their judgment, no proper or sufficient complaint had been made to them. The papers did not show that this statement was denied. Neither party presented to the court the complaint that had been made to the overseers, nor the proof accompanying the same.

The General Term *held*, that the denial, being in the moving papers, cast upon Ellsworth the burden of overcoming it by showing the complaint made to the overseers and the proof which accompanied it; that the allegation in the complaint in the action, although good as an averment in a pleading, was incompetent as evidence to prove the fact averred, even upon a motion; and that Ellsworth's omission to make the requisite proof raised a presumption against him, which was aided by the rule of law, which requires that all reasonable intendments be made in favor of public officers. The General Term also *held*, that the action was prematurely commenced; that the only statement of the time when the complaint to the overseers was made, was that it was made on or about the 20th day of February, 1875, and ten days prior to the commencement of this action; that the words "on or about" rendered it uncertain whether the complaint to the overseers was made on the twentieth day of February, or shortly before, or shortly after that day; and that, if it was made after that day, the period of ten days, provided by the statute, had not elapsed when the term of office of the overseers then in office expired, and that it did not therefore appear that when this suit was commenced, a period of ten days had elapsed after the alleged complaint against the respondent was made.

*O. H. Stevens*, for appellants.   *Fuller & Clark*, for respondent.

Opinion by GILBERT, J.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Order affirmed, with costs.